James Arthur McCARTHY, Petitioner, Respondent (C6–91–1729),

Albert Theodore Annexstad, Petitioner, Respondent (C3–91–1753),

Craig Durand Kinkel, Petitioner, Respondent (C4–91–1762),

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

Nos. C6–91–1729, C3–91–1753 and C4–91–1762.

Court of Appeals of Minnesota.

Nov. 19, 1991.

Review Denied Jan. 17, 1992.

revoked pursuant to the implied consent law prior to June 7, 1991. On June 7, the Minnesota Supreme Court released its decisions in *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828, 835 (Minn. 1991), and *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848, 853 (Minn. 1991), holding, in relevant part, that under article I, section 6 of the Minnesota Constitution, a driver has the right, upon request, to consult with counsel before deciding whether to submit to chemical testing. These drivers filed timely petitions for judicial review with the district court pursuant to Minn.Stat. § 169.123, subd. 5c (1990), after June 7, asserting they were denied the right to consult with counsel prior to making a decision on whether to submit to testing. It is unclear from the record whether respondent McCarthy had requested and been denied counsel at the time of testing. The Commissioner stipulated below that respondents Annexstad and Kinkel would be entitled to rescission based upon the law and facts if *Friedman* or *McDonnell* applied to their cases. In each case, the district court agreed the drivers were entitled to relief under the June 7 decisions and rescinded the revocations.

The Commissioner of Public Safety appealed from each decision. He also moved to consolidate these cases, along with several others, and moved for summary reversal or, in the alternative, for a revised briefing schedule. The three drivers sought summary affirmance. This court consolidated the three cases, stayed further briefing and submitted the matter to the Special Term Panel for decision.

Samuel A. McCloud, Dean S. Grau, Barry L. Hogen, Minneapolis, for respondents.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., Public Safety Div., St. Paul, for appellant.

Considered at Special Term and decided by PARKER, P.J., and KALITOWSKI and PETERSON, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

The driver's licenses of James McCarthy, Albert Annexstad and Craig Kinkel were

### DECISION

In *Friedman,* 473 N.W.2d at 835, the Minnesota Supreme Court held that "under the right-to-counsel clause in article I, section 6 of the Minnesota Constitution, an individual has the right, upon request, to a reasonable opportunity to obtain legal advice before deciding whether to submit to chemical testing." In *McDonnell,* 473 N.W.2d at 853, the court limited the retroactive application of *Friedman,* based on

the reasonable reliance of law enforcement officers on prior decisions and the enormous burden on the administration of justice which would otherwise result. It held *Friedman* applied to the three appeals before the court, to any case challenging the implied consent advisory as a violation of the right to counsel guaranteed by the Minnesota Constitution pending before the district court, the court of appeals or the supreme court and to any case which arose after the date of *Friedman*'s release. *McDonnell,* 473 N.W.2d at 853.

In response to a petition for rehearing in *Friedman,* the supreme court further clarified the retroactive application. It held that a driver's failure to raise the constitutional issue prior to June 7, 1991, constituted waiver. *Friedman,* 473 N.W.2d at 838.

> *Friedman* thus applies retroactively only to cases pending on the date of the *Friedman* decision where the driver properly and in a timely fashion requested an opportunity to consult with an attorney, the request was denied, and the driver properly challenged the denial in district court as a violation of the right to counsel under the Minnesota Constitution. Amendments to pleadings that purport to raise the right-to-counsel issue will not relate back to the original filing date as relation back would be inconsistent with *McDonnell*'s limitation on *Friedman*'s retroactive application. Only if the issue of right to counsel under the Minnesota Constitution had actually been raised in district court prior to June 7, 1991, will *Friedman* apply retroactively.

*Id.*

The issue presented here is whether drivers who requested and were denied counsel prior to the issuance of *Friedman,* but who filed timely initial petitions for judicial review after *Friedman,* may prevail on claims that their rights to counsel were violated under the Minnesota Constitution. We note that because a driver must file a petition for judicial review within 30 days of receipt of notice and order of revocation, Minn.Stat. § 169.123, subd. 5c (1990), the drivers to whom this decision will apply are very limited in number.

The Commissioner contends that *Friedman* applies only to cases in which a petition for judicial review was served and filed prior to June 7 and to cases in which chemical testing was requested after June 7. He contends the drivers herein are seeking retroactive relief and that to allow them to prevail would be contrary to the expressed intent of the supreme court to apply the decision to the few cases arising prior to the release of *Friedman.* Further, he asserts that giving retroactive relief to all drivers who filed initial petitions on or after June 7 for test requests made prior to that date is more inconsistent with the expressed intent of the supreme court than allowing drivers to amend petitions filed before June 7, which is explicitly prohibited by the court's decision on rehearing. *Id.*

■ These cases arose after the release of *Friedman. See McDonnell,* 473 N.W.2d at 853 (allowing application of *Friedman* to cases arising after *Friedman*'s release). While the driving incidents occurred prior to June 7, the petitions for judicial review of the revocations were filed after June 7. A court does not have jurisdiction to review a license revocation unless a petition for judicial review is filed within 30 days of the notice and order of revocation. *See Qualley v. Commissioner of Pub. Safety,* 349 N.W.2d 305, 308 (Minn. App.1984). Until a petition is filed, no "case" arises. *See* Black's Law Dictionary 215 (6th ed. 1990) (case is "a question contested before a court of justice.").

■ We hold that drivers to whom a test request was made prior to the June 7 release of *Friedman* and who actually requested and were denied access to counsel are entitled to relief if they raised *Friedman* claims in a petition for judicial review filed on or after June 7. We believe this result is consistent with the refusal of the supreme court in *Friedman* to allow amendments after June 7 to petitions filed before that date; the filing of a petition without a claim of denial of the right to counsel constitutes a waiver of the issue,

but no such waiver can be said to exist in these cases.

The only remaining question is whether, at the time the test request was made, the drivers actually requested and were denied access to counsel. *See id.* The record as to McCarthy is unclear, and we therefore remand for this determination. If necessary, the trial court may also decide other issues that it had not reached but were raised in the petition for judicial review. Pursuant to the Commissioner's stipulation as to the facts below, and based on our decision today, the trial court decisions rescinding the license revocations of Annexstad and Kinkel are affirmed.

Affirmed in part and remanded.