Thomas Patrick **MORGAN**,
Petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. CX–91–1801.

Court of Appeals of Minnesota.

Nov. 27, 1991.

Review Denied Jan. 17, 1992.

Russell H. Crowder, Barna, Guzy & Steffen, Ltd., Coon Rapids, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and KALITOWSKI and SHORT, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge

### FACTS

On May 26, 1991, respondent Thomas Patrick Morgan was arrested for driving while under the influence. Pursuant to the implied consent advisory, the officer informed respondent that if he refused testing, he "may be subject to criminal penalties." The parties stipulated that respondent would have testified that he took the test because he feared criminal prosecution if he refused to do so, and that he had no prior license revocations. The test revealed an alcohol concentration of .10, and respondent's driver's license was revoked pursuant to the implied consent law.

Respondent filed a petition for judicial review dated June 20, in which he alleged, in relevant part, that the advisory violated his constitutional rights by misleading him into believing that if he refused testing, he might face criminal penalties. After a hearing, the trial court rescinded the revocation based upon *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991).

The Commissioner of Public Safety brought an appeal from the trial court order. He then moved to consolidate this case with others for summary reversal and for a revised briefing schedule. Briefs were filed, and this court ordered that the appeal be considered by the Special Term panel.

### DECISION

Respondent, a driver without prior license revocations, was informed pursuant to the implied consent advisory, Minn.Stat. § 169.123, subd. 2(b)(2) (1990), that if he refused testing, he "may be subject to criminal penalties." A person such as respondent who does not have the requisite prior license revocations is not subject to criminal penalties for refusal under Minn. Stat. § 169.121, subd. 1a (1990). The supreme court ruled in *McDonnell* that it is unconstitutional as a violation of due process to misinform such individuals that they could be subject to criminal penalties

which the state was not authorized to impose. *McDonnell*, 473 N.W.2d at 855.

The issue which arises in this case is whether respondent could properly raise the issue when the incident occurred on May 26, prior to the release of *McDonnell*, and the petition for judicial review was filed after *McDonnell*'s release.

In *McCarthy v. Commissioner of Pub. Safety*, 477 N.W.2d 540, 542 (Minn.App. 1991), this court held that drivers who properly claim their right to counsel was violated in an incident which occurred prior to the issuance of the supreme court's decision in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991) could raise the issue in a timely petition for judicial review filed on or after the date of *Friedman*'s release. For the same reasons discussed in *McCarthy*, we hold that where respondent's constitutional due process rights were violated in an incident which occurred prior to *McDonnell*, the due process claim may be raised in a timely petition filed on or after the supreme court's decision in *McDonnell*. *McCarthy*, 477 N.W.2d at 541.

The Commissioner of Public Safety's motions are denied. Other issues raised by respondent need not be addressed in light of this opinion.

Affirmed.