**Michael Lawson OLINGER, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. CX–90–1691.

Court of Appeals of Minnesota.

Dec. 31, 1991.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., St. Paul, for appellant.

Donald H. Nichols, Paul J. Lukas, Nichols, Kaster & Anderson, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and CRIPPEN, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

## FACTS

Respondent was arrested on March 22, 1990, for an alcohol-related driving offense. The officer read him the implied consent advisory, informing him: "If testing is refused, you may be subject to criminal penalties." Respondent had no prior license revocations, and thus was not subject to criminal penalties for refusal. Respondent eventually agreed to take a breath test, which revealed an alcohol concentration of .10 or more. His driver's license was revoked, and he petitioned for judicial review.

After a hearing, the trial court concluded that the advisory, as read to respondent, was both misleading and confusing. It held the advisory was so confusing as to render it illegal, and it rescinded the revocation of respondent's driver's license. The Commissioner of Public Safety appealed. The proceedings were ultimately stayed pending the supreme court's decision in *McDonnell v. Commissioner of Pub. Safety.* The appeal was reinstated upon release of *McDonnell,* and the matter is now ripe for decision.

## DECISION

The supreme court held that the implied consent advisory, Minn.Stat. § 169.123, subd. 2(b)(2) (Supp.1989), which informed the driver that if testing was refused, the driver might be subject to criminal penalties, was unconstitutional as applied to one who took the test and who did not have the requisite prior license revocations making refusal a crime under Minn.Stat. § 169.121, subd. 1a (Supp.1989). *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848, 853 (Minn.1991). The court stated:

In its rescission order, the district court determined that appellant would have refused to submit to testing had she not felt certain that criminal penalties would result. It therefore appears that her interests were prejudiced when law enforcement officials misinformed her as to her potential criminal liability.

Because they permitted police to threaten criminal charges the state was not authorized to impose, thereby violating the constitutional guarantee of due process, Minn.Stat. § 169.123, subd. 2(b)(2) (1990), and that portion of the Implied Consent Advisory based on it, are unconstitutional as applied to appellant. Her drivers license revocation is therefore rescinded.

*Id.* at 855. The supreme court limited the retroactive application of this portion of the *McDonnell* decision to "any case raising an identical due process claim now pending before * * * the court of appeals." *Id.*

The Commissioner contends that the supreme court intended that a due process violation be found only if the driver establishes prejudice from the inaccurate advisory. He argues that relief is limited to cases where the driver testifies that but for the advisory, he or she would have refused testing. We reject the Commissioner's narrow reading of *McDonnell.* The supreme court held that a constitutional violation occurred because police "threaten[ed] crim-

inal charges the state was not authorized to impose." *Id.* The improper threat constitutes the violation, and no showing of actual prejudice is required.

Respondent, like the driver in *McDonnell,* did not have the requisite prior license revocations making refusal a crime, and he took the test. *See* Minn.Stat. § 169.121, subd. 1a. The fact that the driver was misinformed as to the consequences of the testing decision is sufficient under *McDonnell.* The trial court in this case properly rescinded the revocation of respondent's driver's license.

Affirmed.