STATE of Minnesota, Appellant,

v.

Berkely Barry NELSON, Respondent.

No. C4–91–1180.

Court of Appeals of Minnesota.

Jan. 21, 1992.

Daniel W. Voss, Bloomington, for appellant.

Gerald C. McGee, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and CRIPPEN, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent was stopped on June 30, 1990. He was read the Implied Consent Advisory, which informed him that "[i]f testing is refused, you may be subject to criminal penalties." Respondent agreed to take an intoxilyzer test. The test showed an alcohol concentration of .10 or more. He had no previous alcohol-related revocations or suspensions of his drivers license.

On May 15, 1991, respondent moved to suppress the intoxilyzer test results because the advisory improperly threatened criminal prosecution for refusing testing. A hearing on this motion was not held until July 2, 1991, which followed the supreme court's release of *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991). The trial court applied the holding in *McDonnell* and suppressed the test. The state appealed and filed a motion to stay the appeal which was granted pending the decision on the petition for rehearing in *McDonnell*. The stay has now been vacated.

### DECISION

In *McDonnell* the supreme court held that the Implied Consent Advisory violates the due process rights of drivers who have no potential criminal liability for refusing testing. *McDonnell*, 473 N.W.2d at 855. The court stated:

> Because they permitted police to threaten criminal charges the state was not authorized to impose, thereby violating the constitutional guarantee of due process, Minn.Stat. § 169.123, subd. 2(b)(2) (1990), and that portion of the Implied Consent Advisory based on it, are unconstitutional as applied to appellant.

*Id.*

The state argues that the *McDonnell* holding, otherwise applicable to respondent, should not apply because respondent has not testified that he took the intoxilyzer test out of concern about possible criminal penalties should he refuse.

The supreme court in *McDonnell* applied its holding retroactively

> to any case raising *an identical due process claim* now pending before the district courts, the court of appeals, or this court.

*Id.* (emphasis added). We conclude that a criminal defendant raises a due process claim "identical" to that raised in *McDonnell* if he or she was a first-time DWI offender, regardless of whether there has been testimony of actual prejudice. *Cf. Olinger v. Commissioner of Pub. Safety*, 478 N.W.2d 806 (Minn.App.1991) (testimony on prejudice not required in implied consent proceeding for *McDonnell* to apply).

We note the supreme court did not limit its holding to cases involving driver testimony, although it had a further opportunity to do so on the petition for rehearing in *McDonnell*. Furthermore, it would be unfair to deny *McDonnell*'s application to drivers such as respondent who had no hearing at which they could offer such testimony. It would be equally unfair to the state to remand for such rehearings, in which the state generally could offer no evidence on the driver's reason(s) for submitting to testing.

Affirmed.