**STATE of Minnesota, Plaintiff,**

v.

**Carl Roy STUMPF, Defendant.**

**No. C1-91-1900.**

Court of Appeals of Minnesota.

March 24, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paula A. Callies, Hoff & Allen, Eden Prairie, for plaintiff.

Carl Roy Stumpf, pro se.

Considered and decided by WOZNIAK, C.J., and PETERSON and AMUNDSON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

This certified question concerns a due process challenge to the implied consent advisory, the application of *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991) to this prosecution, and the impeachment use of a breath test obtained in violation of due process. We answer the certified question in the affirmative in part, and in the negative in part.

### FACTS

Defendant Carl Stumpf was stopped on June 4, 1991, for a traffic violation. After being read the implied consent advisory, which informed him he could be subject to criminal liability if he refused testing, he agreed to take an intoxilyzer test.

On June 7, 1991, the supreme court issued its opinions holding that a driver has a

state constitutional right to consult with counsel before being asked to submit to testing, and that the implied consent advisory violates the due process rights of first-time DWI offenders. *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991); *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn. 1991).

Stumpf was given an initial appearance date of June 18, 1991, on the misdemeanor DWI charge. On June 24, he submitted a motion to suppress the intoxilyzer test, in part because the test "is violative of statutory, constitutional and procedural rights under the Minnesota Rules of Criminal Procedure, United States Constitution, Minnesota Constitution and Minnesota Statutes[.]" Stumpf had no prior DWI convictions or revocations at the time he was given the implied consent advisory.

The trial court suppressed the breath test but ruled it admissible for purposes of impeachment. The court certified a question involving the application of both *Friedman* and *McDonnell* to this prosecution and the impeachment use of the intoxilyzer test.

## ISSUES

1. Does *Friedman* or *McDonnell* apply to this case?

2. May the state use a breath test, otherwise excluded as obtained in violation of due process, for impeachment purposes?

## ANALYSIS

### I.

■ After the trial court applied the *Friedman* holding to this case, the supreme court, on a petition for rehearing, specified that a driver must have requested counsel in order for *Friedman* to apply retroactively. *Friedman*, 473 N.W.2d at 838. Because Stumpf did not ask for an attorney, *Friedman* does not apply.

■ Stumpf is a first-time DWI offender, and, therefore, falls potentially within the due process holding of *McDonnell*, 473 N.W.2d at 855. The state contends he does not because he did not raise by motion a due process claim. Stumpf's motion was filed *after* release of the *McDonnell* opinion. However, Stumpf could not have filed a motion before that time, since he did not make his first appearance until later. This court has held, in the implied consent context, that a pleading made *after McDonnell* is sufficient if timely filed. *Morgan v. Commissioner of Pub. Safety*, 477 N.W.2d 911 (Minn.App.1991), *pet. for rev. denied* (Minn. Jan. 17, 1992). Stumpf similarly was denied an opportunity to bring a pre-*McDonnell* motion by the timing of his arrest with respect to that decision.

■ The state also argues Stumpf's motion was not sufficiently specific. The motion was very broadly stated. However, the supreme court has required specificity only in *Friedman*. See *Friedman*, 473 N.W.2d at 838 (driver must have claimed state constitutional right to counsel). In the *McDonnell* opinion, the court required only that the case raise "an identical due process claim." *McDonnell*, 473 N.W.2d at 855. Stumpf's motion encompasses a due process claim, and the facts of his case fall within the *McDonnell* holding. See *State v. Nelson*, 479 N.W.2d 436 (Minn.App.1992) (first-time DWI offender need not testify he was prejudiced by misleading language in advisory).

### II.

■ The trial court ruled that the intoxilyzer test could be used for impeachment purposes. Evidence seized in violation of the fourth amendment may be admitted under some circumstances for impeachment purposes. *United States v. Havens*, 446 U.S. 620, 627–29, 100 S.Ct. 1912, 1916–17, 64 L.Ed.2d 559 (1980). The intoxilyzer test in this case, however, was not obtained in violation of the fourth amendment, but instead as a result of a due process violation. *McDonnell*, 473 N.W.2d at 855.

■ The state may not use, even for impeachment purposes, a statement from the defendant which was involuntary or coerced by the police, in violation of due process. *State v. Sutherlin*, 396 N.W.2d 238, 243 (Minn.1986). An intoxilyzer test obtained through misleading language in the implied consent advisory may not be

involuntary or coerced in the same sense, but it is a violation of due process. Moreover, the court in *McDonnell* cites a number of involuntary confession cases, and notes that the advisory "threaten[ed] criminal charges the state was not authorized to impose...." *McDonnell*, 473 N.W.2d at 855. This due process violation is similar to the violation found in involuntary confession cases, and calls for a rule of total exclusion.

## DECISION

The *McDonnell* due process holding does apply to this prosecution, and precludes the use of the intoxilyzer test for all purposes, including impeachment.

Certified question answered in the affirmative in part, and in the negative in part.