**STATE of Minnesota, Respondent,**

v.

**James David THESING, Appellant.**

**No. C4–91–1924.**

Court of Appeals of Minnesota.

June 2, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Todd S. Webb, Ohnstad Twichell, P.C., West Fargo, N.D., for respondent.

Peter E. Karlsson, Moorhead, for appellant.

Considered and decided by LANSING, P.J., and SCHUMACHER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

This appeal is from a judgment of conviction and sentence for misdemeanor DWI. Minn.Stat. § 169.121, subd. 1(d) (1990). We reverse.

## FACTS

Appellant James David Thesing was stopped on May 6, 1991 and given the implied consent advisory. The advisory, as it then read, informed the driver he "may" be subject to criminal penalties if he did not agree to take a chemical test. Thesing agreed to take the test, which registered a .11 alcohol concentration.

Thesing was tab charged with DWI. When he made his first appearance on May 16, 1991, a public defender was appointed to represent him. On June 14, Thesing's counsel moved to suppress evidence against him on grounds of a violation of the right to counsel and a violation of due process. The trial court denied the motion.

## ISSUE

■ Did the trial court err in refusing to suppress the breath test?

## ANALYSIS

The supreme court has held that the former implied consent advisory violated the due process rights of first-time DWI offenders who could not be charged with criminal refusal. *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 855 (Minn.1991). This holding applies

to any case raising an identical due process claim now pending before the district courts, the court of appeals, or

this court, and to any case arising after this opinion is released.

*Id.*

Thesing did not file a motion before June 7, 1991, the date of the release of *McDonnell*, seeking to suppress the breath test. *Cf. Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 838 (Minn.1991) (driver claiming denial of right to counsel must have challenged the denial in trial court before June 7, 1991). Thesing, however, had just been appointed counsel when *McDonnell* was released. He already had his first appearance, but no further proceedings had been scheduled. There is no record of when the state gave its Rule 7.01 notice of *Rasmussen* evidence. *See* Minn. R.Crim. P. 7.01 (notice to be given on or before scheduled pretrial conference date or seven days before date of trial). Thesing's June 14 motion to suppress was by all indications made at the earliest available opportunity in the criminal prosecution.

This court has held in implied consent cases that a timely petition for judicial review filed after June 7, 1991, was sufficient to raise the due process issue. *Morgan v. Commissioner of Pub. Safety*, 477 N.W.2d 911, 913 (Minn.App.1991), *pet. for rev. denied* (Jan. 17, 1992); *McCarthy v. Commissioner of Pub. Safety*, 477 N.W.2d 540, 542 (Minn.App.1991), *pet. for rev. denied* (Jan. 17, 1992). Although the reasoning in *Morgan* and *McCarthy* was that the implied consent action had not "arisen" before the petition was filed, we believe the same result is required here.

Criminal DWI prosecutions cannot be said to "arise" when a defense suppression motion is filed. A criminal defendant, however, is not required to file a suppression motion until the state gives notice of the evidence it intends to use. *See* Minn. R.Crim. P. 7.01, 12.04, subd. 1.

■ The state also argues that Thesing does not raise a due process claim "identical" to that in *McDonnell* because there is no evidence he was influenced to take the test by the warning of criminal penalties.

*Cf. McDonnell,* 473 N.W.2d at 855 (district court found driver would have refused absent warning of criminal penalties). This court, however, has held it is not necessary that there be such a record of confusion or reliance by the individual driver. *State v. Nelson,* 479 N.W.2d 436, 437 (Minn.App. 1992); *Olinger v. Commissioner of Pub. Safety,* 478 N.W.2d 806, 807–08 (Minn.App. 1991).

## DECISION

The trial court erred in refusing to suppress the breath test.

Reversed.