STATE of Minnesota, Respondent,

v.

Bernard Lawrence WILKENS,
Appellant.

No. C6-92-414.

Court of Appeals of Minnesota.

Nov. 17, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gaylord A. Saetre, Jr., Todd County Atty., David P. Stumpf, Asst. County Atty., Long Prairie, for respondent.

Gregory K. Larson, Little Falls, for appellant.

Considered and decided by DAVIES, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

DAVIES, Judge.

This appeal is from a judgment of conviction for misdemeanor DWI and alcohol concentration offenses. Appellant claims the trial court committed reversible error by failing to suppress alcohol concentration test results and that insufficient evidence existed to support his DWI conviction. We reverse all convictions and remand the Minn.Stat. § 169.121, subd. 1(a), charge.

## FACTS

Appellant Bernard Lawrence Wilkens was charged in Todd County with violations under Minn.Stat. § 169.121, subd. 1(a), (d), and (e) (1990), for driving under the influence of alcohol, for driving with an alcohol concentration in excess of .10, and for driving with an alcohol concentration in excess of .10 as measured within two hours of driving. These were appellant's first alcohol-related offenses.

On May 26, 1991, at approximately 1:45 a.m., appellant lost control of his vehicle, which landed in a ditch. Both the state trooper who first investigated the accident and the arresting deputy sheriff believed appellant was under the influence of alcohol, based on such outward indications as

the odor of alcohol on appellant's breath and his bloodshot and glassy eyes. The deputy read appellant the Minnesota implied consent advisory in effect prior to the *Friedman/McDonnell* cases and asked him to provide a blood sample. Appellant submitted to an alcohol concentration test, the results of which indicated an alcohol concentration of .13.

On July 3, 1991, appellant moved to suppress the test results. The trial court denied the motion on October 4, 1991. Appellant then waived his right to a jury trial and a bench trial occurred on January 28, 1992. The trial court found appellant guilty of the three charged offenses.

## ISSUES

I. Did the trial court err by denying appellant's motion to suppress the alcohol concentration test results?

II. Was the evidence sufficient to support appellant's conviction for driving while under the influence?

## ANALYSIS

### I. Suppression Issues

Appellant claims the trial court erroneously failed to suppress his alcohol concentration test results pursuant to the Minnesota Supreme Court holding in *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn.1991) (the *Moser v. Commissioner of Public Safety* portion of the opinion). The trial court denied appellant's motion, concluding that nothing in the record indicated that the conduct of the arresting officer had misled or confused appellant. The trial court cited *McDonnell* for support.

In *McDonnell,* the supreme court held that the due process rights of first-time DWI offenders, who could not be charged with criminal refusal, were violated by the part of the implied consent advisory that warned of possible criminal penalties. *McDonnell,* 473 N.W.2d at 855. The court also stated that its holding applies

to any case raising an identical due process claim now pending before the district courts, the court of appeals, or this

court, and to any case arising after this opinion is released.

*Id.* The *McDonnell* opinion was released on June 7, 1991.

### A. Retroactivity

In implied consent cases, this court has held that a driver involved in an incident that occurred prior to issuance of the *Friedman/McDonnell* decisions may rely on those rulings to challenge the constitutionality of the implied consent advisory by filing a timely petition for judicial review on or after the release of *Friedman* and *McDonnell. Morgan v. Commissioner of Pub. Safety,* 477 N.W.2d 911, 913 (Minn. App.1991) (driver asserted violation of right to due process), *pet. for rev. denied* (Minn. Jan. 17, 1992); *McCarthy v. Commissioner of Pub. Safety,* 477 N.W.2d 540, 542 (Minn. App.1991) (driver asserted violation of right to counsel), *pet. for rev. denied* (Minn. Jan. 17, 1992).

Appellant properly argues that the trial court also should have applied *McDonnell* retroactively to suppress the alcohol concentration evidence in the trial of his criminal charge. In *State v. Thesing,* 485 N.W.2d 734 (Minn.App.1992), this court squarely addressed the issue now before us when it concluded that the result reached in implied consent cases is required in criminal cases. *Id.* at 735. The *Thesing* court also held:

A criminal defendant * * * is not required to file a suppression motion until the state gives notice of the evidence it intends to use.

*Id.* (citing Minn.R.Crim.P. 7.01, 12.04, subd. 1).

In appellant's case, the alleged offenses occurred on May 26, 1991, prior to the June 7 release of *McDonnell.* The prosecutor did not, however, give notice of the evidence it intended to use until June 20, when it served on defense counsel the Rule 7.01 Notice and Offense Reports. Thus, under *Thesing,* appellant's case did not "arise" until after *McDonnell* was released and appellant's alcohol concentration test should have been suppressed.

### B. Prejudice

The state argues that the evidence should not be suppressed, even if *McDonnell* applies, unless appellant can show that he suffered confusion or compulsion in consenting to the advisory. The state's argument fails. In response to similar arguments, this court has held that

> a criminal defendant raises a due process claim "identical" to that raised in *McDonnell* if he or she was a first-time DWI offender, regardless of whether there has been testimony of actual prejudice.

*State v. Nelson,* 479 N.W.2d 436, 437 (Minn.App.1992).

### C. Vagueness

The state also argues that it could not ascertain the legal doctrine supporting the motion because appellant's motion to suppress was vague. This court addressed the issue of vagueness in *State v. Stumpf,* 481 N.W.2d 887, 889 (Minn.App.1992). In *Stumpf,* the defendant submitted a motion to suppress an Intoxilyzer test because the test

> [was] violative of statutory, constitutional and procedural rights under the Minnesota Rules of Criminal Procedure, United States Constitution, Minnesota Constitution and Minnesota Statutes.

*Id.* (quoting from the defendant's motion). Although appellant's motion was broadly stated, *McDonnell* required only that a party raise an identical due process claim. *Id.*

In this case, appellant's motion is even more narrowly framed than the motion at issue in *Stumpf.* This case certainly raises a due process claim identical to that raised in *McDonnell (Moser)*, since appellant is a first-time DWI offender who consented to an alcohol concentration test after he was read the improper implied consent advisory. Thus, we believe appellant's motion was sufficiently detailed to raise a due process claim.

### II. Sufficiency of Evidence

We do not reach appellant's argument that the evidence was insufficient to support his conviction under Minn.Stat.

§ 169.121, subd. 1(a). Even if the evidence were sufficient, we are confronted with a situation where the appellant might not have waived jury trial if the trial court had properly granted appellant's motion to suppress the alcohol concentration test. Appellant should not now be held to the consequences of a tactical decision he made after the trial court improperly held that significant direct evidence against him would be admissible. The trial court's proposed use of the inadmissible alcohol concentration test result was inherently prejudicial to appellant. We reverse and remand the charge under Minn.Stat. § 169.121, subd. 1(a), for a new trial.

### DECISION

The trial court erred by denying appellant's motion to suppress evidence of the alcohol concentration test results. The alcohol concentration convictions, based entirely on those test results, are reversed. We hold that the trial court's failure to suppress the evidence was inherently prejudicial on the section 169.121, subd. 1(a), charge because appellant might not have chosen to waive a jury trial had the alcohol concentration test results properly been excluded.

Reversed and remanded.