*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0976**

State of Minnesota,
Appellant,

vs.

Joshua David Gehloff,
Respondent.

**Filed November 28, 2016**
**Affirmed**
**Halbrooks, Judge**

Winona County District Court
File No. 85-CR-15-2902

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karin L. Sonneman, Winona County Attorney, George R. Kennedy, Assistant County Attorney, Winona, Minnesota (for appellant)

Mark D. Nyvold, Fridley, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Halbrooks, Judge; and Johnson, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

In this prosecution appeal, appellant state challenges the district court's order to suppress respondent's urine test results and dismiss one count of driving while impaired

(DWI), arguing that the district court erred by suppressing the test results on the basis of a due-process violation. We affirm.

**FACTS**

On November 17, 2015, a Winona County sheriff's deputy and St. Charles police officer stopped respondent Joshua David Gehloff in response to a report of a possible domestic incident. As the deputy approached Gehloff's vehicle, he observed that the vehicle was warm to touch, suggesting that Gehloff had recently driven, and noticed that Gehloff smelled of alcohol. Gehloff had watery, bloodshot eyes and slurred speech. Gehloff informed the officers that he had not been drinking. The deputy conducted field sobriety tests in which Gehloff demonstrated signs of impairment. Gehloff submitted a preliminary breath test that indicated an alcohol concentration of 0.20. The deputy then arrested Gehloff for DWI.

The deputy transported Gehloff to the police department and read him the implied-consent advisory. The advisory stated that "[r]efusal to take a test is a crime." Gehloff said that he understood the advisory and declined to speak with an attorney. The deputy then requested that Gehloff submit to a urine test. After expressing confusion and initially refusing to undergo the test, Gehloff agreed to provide a urine sample. Gehloff's urine sample registered an alcohol concentration of 0.16.

The state charged Gehloff with (1) third-degree gross misdemeanor DWI, operating a vehicle under the influence of alcohol and (2) third-degree gross misdemeanor DWI with an alcohol concentration of 0.08 within two hours of driving. Minn. Stat. § 169A.20, subd. 1(1), (5) (2014). Gehloff moved the district court to suppress the urine test results, arguing

2

that he did not consent to the test and that the reading of the implied-consent advisory violated his due-process rights. The district court determined that Gehloff consented to the urine test but suppressed the test results because the advisory, as it was read to Gehloff, was an inaccurate statement of Minnesota's test-refusal statute and violated his due-process rights. The district court dismissed the second count of DWI for lack of probable cause. This appeal follows.

## D E C I S I O N

The state argues that the district court erred by suppressing Gehloff's urine test results on the basis that the implied-consent advisory violated his due-process rights. "When reviewing a district court's pretrial order on a motion to suppress evidence, the district court's factual findings are reviewed under a clearly erroneous standard." *State v. Eichers*, 853 N.W.2d 114, 118 (Minn. 2014), *cert. denied*, 135 S. Ct. 1557 (2015). But we review de novo the district court's legal determinations, including whether an implied-consent advisory violates a driver's due-process rights. *Id.*; *Magnuson v. Comm'r of Pub. Safety*, 703 N.W.2d 557, 561 (Minn. App. 2005).

We must first determine if an error in the district court's order would have a critical impact on the state's ability to prosecute this case. *See State v. Webber*, 262 N.W.2d 157, 159 (Minn. 1977) (holding that a state may only appeal, and this court will only reverse, a district court's pretrial order if the state demonstrates that the district court clearly erred in its judgment and the error will have critical impact on the outcome). It is clear that suppression of Gehloff's urine test results and dismissal of his second DWI charge will have a critical impact by significantly reducing the state's likelihood of a successful

3

prosecution. *See State v. McLeod*, 705 N.W.2d 776, 784 (Minn. 2005) (describing the circumstances in which critical impact may occur). Because critical impact is not at issue, we move next to consider whether the district court erroneously applied its due-process analysis to suppress the test results.

Minnesota's test-refusal statute makes it a crime for a person to refuse to submit to a chemical test of blood, breath, or urine administered to detect the person's alcohol content under certain conditions. Minn. Stat. § 169A.20, subd. 2 (2014). These conditions include when a police officer has probable cause to arrest the person for DWI and the officer reads the implied-consent advisory to the person. Minn. Stat. §§ 169A.20, subd. 2, .51, subds. 1-2 (2014). In the advisory, the officer must inform the person that "refusal to take a test is a crime." Minn. Stat. § 169A.51, subd. 2(a)(2).

The Due Process Clause prohibits the state from depriving a person of life, liberty, or property, without due process of law, and also protects the person against government infringement of certain fundamental rights. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7; *Chavez v. Martinez*, 538 U.S. 760, 775, 123 S. Ct. 1994, 2005 (2003). One such fundamental right is to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10; *California v. Carney*, 471 U.S. 386, 390, 105 S. Ct. 2066, 2069 (1985). On December 28, 2015, this court decided that a warrantless urine test cannot be justified under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. *State v. Thompson*, 873 N.W.2d 873, 879 (Minn. App. 2015), *aff'd*, ___ N.W.2d ___ (Minn. Oct. 12, 2016). Because no exception to the warrant requirement could justify the urine test, this court concluded that the test-refusal statute

4

violated the driver's due-process rights by criminalizing the driver's refusal to submit to a warrantless and unreasonable test. *Id.* at 879-80.

Applying this court's decision in *Thompson*, the district court determined that Gehloff's due-process rights were violated because there was no exception, other than Gehloff's consent, that would justify the warrantless urine test. The district court reasoned that regardless of whether Gehloff consented to the test, because the implied-consent advisory inaccurately stated that refusal to take a urine test is a crime, the deputy had threatened Gehloff with a criminal charge that the state was not constitutionally authorized to impose. *See McDonnell v. Comm'r v. Pub. Safety*, 473 N.W.2d 848, 855 (Minn. 1991). While this case's appeal was pending, the Minnesota Supreme Court affirmed this court's decision in *Thompson*. *State v. Thompson*, ___ N.W.2d ___, ___, 2016 WL 5930162, at *8 (Minn. Oct. 12, 2016). After concluding that a warrantless urine test would have violated the Fourth Amendment, the supreme court held that the driver could not be prosecuted under the test-refusal statute for refusing to submit to an unconstitutional urine test; therefore, the test-refusal statute was unconstitutional as applied. *Id.*

The district court relied on *McDonnell* in concluding that Gehloff's due-process rights were violated. In *McDonnell*, a driver was arrested for DWI and was read an implied-consent advisory, which stated that she may be prosecuted for refusing to submit to a breath test. 473 N.W.2d at 851. But under the applicable law at the time, the driver could not have been prosecuted for test refusal because her license had not been previously revoked. *Id.* The Minnesota Supreme Court rescinded her license revocation because the advisory was inaccurate and unconstitutional as it applied to her. *Id.* at 854-55. The

5

supreme court reasoned that "due process does not permit those who are perceived to speak for the state to mislead individuals as to either their legal obligations or the penalties they might face should they fail to satisfy those obligations." *Id.* at 854.

This court recently addressed whether the *McDonnell* analysis applies in a license-revocation proceeding in which the driver refused to submit to a warrantless urine test. *Johnson v. Comm'r of Pub. Safety*, ___ N.W.2d ___, 2016 WL 6570284 (Minn. App. Nov. 7, 2016). We concluded that because the search of the driver's urine would have violated the Fourth Amendment, the test-refusal charge was unconstitutional under *Thompson*. *Id.* at *10. We also held that the implied-consent advisory violated the driver's due-process rights because the advisory threatened a criminal test-refusal charge that would have been unconstitutional. *Id.* at *12.

The state asserts that this case is distinguishable from *McDonnell*, arguing that because this court did not decide *Thompson* until December 28, 2015, the advisory as it was read to Gehloff on November 17, 2015 contained a correct and accurate statement of the applicable test-refusal statute. But as articulated in *Johnson*, the state's argument regarding the temporal relationship between the challenged advisory and this court's *Thompson* decision is insufficient to persuade us that Gehloff is not entitled to due-process under *McDonnell*. *See id.* at *11. And despite the state's assertions to the contrary, the district court properly applied a due-process analysis, rather than a Fourth Amendment analysis, because Gehloff challenged the accuracy of the implied-consent advisory. *See id.* at *6. Because the advisory threatened Gehloff with criminal penalties that the state was not authorized to impose, Gehloff's due-process rights were violated. We therefore

conclude that the district court did not err in suppressing Gehloff's urine test results. *See State v. Nelson*, 479 N.W.2d 436, 436 (Minn. App. 1992) (applying the *McDonnell* due-process rationale to affirm a district court's suppression-of-alcohol test results).

**Affirmed.**