*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0547**

Amy Lynn-Ishwar Butani, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed January 9, 2017**
**Reversed and remanded**
**Stauber, Judge**

Dakota County District Court
File No. 19AV-CV-15-1566

Jeffrey S. Sheridan, Sheridan & Dulas, P.A., Eagan, Minnesota (for appellant)

Lori Swanson, Attorney General, Frederic J. Argir, Peter Magnuson, Assistant Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Bratvold, Judge.

# U N P U B L I S H E D   O P I N I O N

**STAUBER**, Judge

Appellant challenges the district court's order sustaining the revocation of her driving privileges, arguing that (1) evidence from field sobriety and preliminary breath tests was obtained in violation of the Fourth Amendment; (2) evidence from a urine test was obtained in violation of the Fourth Amendment; (3) Minnesota's test-refusal statute

is unconstitutional, as applied, and appellant's due-process rights were violated when she was misinformed that refusing to take a urine test is a crime; (4) appellant's due-process rights were violated because of an untimely notice of revocation; and (5) the district court erred by admitting evidence from appellant's urine test despite a lack of evidentiary foundation. We reverse and remand for reinstatement of appellant's driver's license because appellant's due-process rights were violated when she was misinformed that refusing to take an unconstitutional urine test is a crime.

## FACTS

On April 18, 2015, Officer Nicholas Jacobson was on patrol when he saw a vehicle signal a left turn at an intersection where a left turn was prohibited. The vehicle's signal was soon turned off, and the vehicle proceeded through the intersection. Officer Jacobson then saw the vehicle fail to make a complete stop at an intersection. Officer Jacobson stopped the vehicle and spoke with the driver, appellant Amy Lynn-Ishwar Butani. Officer Jacobson observed indicia of intoxication. He then had appellant perform field sobriety tests. Appellant failed those tests. Officer Jacobson administered a preliminary breath test that indicated a reading above the legal limit, and appellant was placed under arrest for driving while impaired.

Officer Jacobson did not obtain a warrant to obtain a urine sample, but he read the implied-consent advisory to appellant. Appellant was given an opportunity to contact an attorney. Officer Jacobson informed appellant that refusal to take a test is a crime, and offered her a urine test to which she agreed to submit. Her urine was tested and indicated an alcohol concentration just above the legal limit.

2

Appellant's license was revoked, and she petitioned for an implied-consent review hearing. Following a hearing, the district court sustained the revocation, concluding that there was probable cause to arrest appellant, Minnesota's test-refusal statute does not violate due process, no warrant was required, and the imposition of criminal consequences for test refusal does not unlawfully compel a driver to submit to testing. This appeal follows.

## D E C I S I O N

Appellant raises a number of Fourth Amendment and due-process claims. Appellant's due-process claim that she was misled by an inaccurate advisory resolves this case. We therefore address that claim first.

Respondent Commissioner of Public Safety argues that we should instead analyze this case under the Fourth Amendment. Generally, when both Fourth Amendment and substantive due-process claims are raised, analysis under the Fourth Amendment is proper if the Fourth Amendment provides protections against the claimed government action. *State v. Mellett*, 642 N.W.2d 779, 783 (Minn. App. 2002), *review denied* (Minn. July 16, 2002). However, a due-process analysis is proper here because (1) appellant's argument that she was misled by an inaccurate advisory likely implicates procedural rather than substantive due process; (2) appellant does not seek to expand substantive due process; (3) there is precedent in Minnesota for addressing such claims; and (4) the Fourth Amendment does not provide explicit protection against the challenged government behavior. *Johnson v. Comm'r of Pub. Safety*, ___ N.W.2d ___, ___, No.

3

A16-0502, slip op. at 6-11 (Minn. App. Nov. 7, 2016), *pet. for review filed* (Minn. Dec. 7, 2016).

"Whether an implied-consent advisory violates a driver's due-process rights is a question of law, which this court reviews de novo." *Magnuson v. Comm'r of Pub. Safety*, 703 N.W.2d 557, 561 (Minn. App. 2005). Here, appellant's due-process rights were violated when she was informed via the implied-consent advisory that refusing to take a urine test is a crime.

Without first obtaining a warrant, Officer Jacobson informed appellant that refusal to take a test is a crime, and Officer Jacobson offered appellant a urine test. The collection and testing of urine is a search. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013). The United States and Minnesota constitutions prohibit unreasonable searches of a person. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A warrantless search is presumed unreasonable unless it falls under an exception to the warrant requirement. *State v. Ture*, 632 N.W.2d 621, 627 (Minn. 2001).

Respondent offers two warrant exceptions, consent and search-incident-to-arrest. This court held in *State v. Thompson*, issued after appellant's arrest, that a warrantless urine test could not "be justified under the search-incident-to-arrest exception." 873 N.W.2d 873, 878 (Minn. App. 2015), *aff'd*, 886 N.W.2d 224 (Minn. 2016). The Minnesota Supreme Court affirmed this court's decision, on Fourth Amendment grounds. *Thompson*, 886 N.W.2d at 233. Thus, the only valid warrant exception offered to justify the search of appellant's urine is consent.

Despite appellant's ultimate submission to urine testing, consent does not validate Officer Jacobson's misstatement that test refusal is a crime. When Officer Jacobson read the implied-consent advisory, he had not obtained a warrant, and there was no applicable warrant exception. As such, appellant's refusal was not a crime when the advisory was read because appellant could have lawfully refused the unconstitutional search; the implied-consent advisory was therefore inaccurate. *Id.* at 234.

Given the inaccuracy of the implied-consent advisory in this case, appellant relies on *McDonnell v. Comm'r of Pub. Safety* to argue that her due-process rights were violated. 473 N.W.2d 848 (Minn. 1991). In *McDonnell*, the supreme court concluded that an implied-consent advisory violated due process because it misinformed a person that she could be charged with the crime of test refusal when such a charge was impossible. *Id.* at 853-55.

Relying on *McDonnell*, this court recently held that when the state misinforms a driver regarding the penalties for refusal of an unconstitutional urine test, the driver's due-process rights are violated, and rescission is an appropriate remedy. *Johnson*, slip op. at 25. Respondent argues that the advisory was accurate when given because *Thompson* had not yet been decided. However, the timing of the *Thompson* decision does not affect the advisory's inaccuracy. *Id.* at 19-22. Further, appellant's argument that the good-faith exception is applicable is unpersuasive; the good-faith exception is a Fourth Amendment doctrine, not a due-process issue. *See State v. Lindquist*, 869 N.W.2d 863, 868-70 (Minn. 2015) (outlining the evolution of the good-faith exception as a limitation on the Fourth Amendment exclusionary rule).

Unlike *Johnson*, in this case appellant arguably consented to the search of her urine after the advisory was read. *See Johnson*, slip op. at 3. However, the focus of a due-process analysis under *McDonnell* is whether an advisory is misleading, not whether a driver ultimately consents to or refuses testing. *See Olinger v. Comm'r of Pub. Safety*, 478 N.W.2d 806, 808 (Minn. App. 1991) (noting an "improper threat constitutes the violation, and no showing of actual prejudice is required"); *Steinolfson v. Comm'r of Pub. Safety*, 478 N.W.2d 808, 809 (Minn. App. 1991) (noting that drivers were entitled to relief under *McDonnell* "without regard to their decision regarding testing"). Rescission of revocation is therefore the proper remedy in this case. *Olinger*, 478 N.W.2d at 808; *Steinolfson*, 478 N.W.2d at 809.

In sum, because appellant was misinformed that refusal to submit to an unconstitutional urine test is a crime, appellant's due-process rights were violated, and the revocation of appellant's license must be rescinded.

**Reversed and remanded.**