**Steingrimur STEINOLFSON, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C4–90–2366.**

Court of Appeals of Minnesota.

Dec. 31, 1991.

Steven J. Meshbesher, John J. Leunig, Meshbesher, Birrell & Dunlap, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Nancy J. Bode, Asst. Atty. Gen., St. Paul, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and CRIPPEN, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

On March 23, 1991, an officer stopped appellant's vehicle for violation of traffic laws. The officer noticed indicia of intoxication and arrested appellant for DWI. He read appellant the implied consent advisory, informing him that if he refused testing, he may be subject to criminal penalties. Appellant did not understand the advisory, and the officer reread it several times.

The officer then asked appellant to take a breath test. Appellant refused, stating, "If I take the test, I will be charged with a criminal offense." Appellant's driver's license was revoked pursuant to the implied consent law for refusing testing, and he petitioned for judicial review. The trial court found that appellant refused testing

without legal justification and sustained the revocation.

Steingrimur Steinolfson appealed. After appellant's brief was filed, this court stayed further proceedings pending the outcome of the supreme court's decision in *McDonnell v. Commissioner of Pub. Safety.* After release of the opinion, this court reinstated the appeal and directed the parties to brief the application of *McDonnell.* We now reverse.

## DECISION

Minn.Stat. § 169.121, subd. 1a (1990) made it a crime for drivers who had certain prior license revocations to refuse to take a test under the implied consent law to determine alcohol concentration. Pursuant to the implied consent statute, all drivers asked to take an implied consent test were informed that if they refused testing, they "may be subject to criminal penalties." Minn.Stat. § 169.123, subd. 2(b)(2) (1990). In fact, drivers without prior revocations were not subject to criminal penalties for refusal.

In *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848 (Minn.1991), the supreme court addressed the constitutionality of the statutory advisory as applied to drivers who were not subject to criminal penalties, but who agreed to take the test after hearing the advisory. The court expressed its long-standing concern about officers who mislead individuals as to their statutory obligation to undergo testing. *Id.* at 853–54. The court held that because the statute permitted police to threaten criminal charges it was not authorized to impose, a due process violation occurred. *Id.* at 855.

In *McDonnell,* the due process challenge was presented by a first-time offender who submitted to testing, and the supreme court had no reason to address the rights of a first-time offender who refused testing after receiving an implied consent advisory which inaccurately threatened the driver with criminal penalties.

The Commissioner argues that relief under *McDonnell* is limited to drivers who raise "an identical due process claim," *see id.,* and urges us to hold that the claim raised in this case is not identical. We disagree and hold that first-time offenders are entitled to relief under *McDonnell,* without regard to their decision regarding testing.

The focus of the supreme court's concern was the inaccuracy of the advisory. *Id.* at 853–55. The advisory gives misleading and inaccurate information to every first-time offender, and the driver's subsequent decision regarding testing does not diminish the violation. "Because they permitted police to threaten criminal charges the state was not authorized to impose," the advisory and statute "thereby violat[ed] the constitutional guarantee of due process." *Id.* at 855. While the prejudice to drivers who were coerced by the misleading advisory into taking the test is more readily apparent, we note that the appellant in this case testified that he was also confused by the advisory and that confusion influenced his decision regarding testing.

We decline to hold that the Commissioner may benefit from an advisory which our supreme court has determined misinformed the driver, and threatened criminal charges that were not actually authorized, merely because the first-time offender ultimately refused testing. The due process rights of this driver were violated by the advisory, and he is entitled to rescission.

Reversed.