STATE of Minnesota, Respondent,

v.

**Arnold Dale WHITE, Appellant.**

**No. C3-92-841.**

Court of Appeals of Minnesota.

Dec. 22, 1992.

Review Granted Feb. 23, 1993.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey F. Lebowski, Sp. Asst. Atty. Gen., St. Paul, Timothy R. Faver, Beltrami County Atty., Bemidji, for respondent.

Paul G. Thompson, Bemidji, for appellant.

Considered and decided by RANDALL, P.J., and KALITOWSKI and DAVIES, JJ.

OPINION

DAVIES, Judge.

This appeal is from a judgment of conviction and sentence for gross misdemeanor DWI. Minn.Stat. § 169.121, subds. 1(d), 3(b), 3a (1990). We affirm.

FACTS

Appellant Arnold White was stopped after police received a telephone tip that he was driving while intoxicated. After White failed a preliminary breath test, he was arrested and taken to the county jail, where police read him the Implied Consent Advisory.

White was asked if he wanted to consult with an attorney. He responded that he did. But after the officer gave him a phone book and after they discussed whether White could call someone other than an attorney, the officer again asked White if he wanted to contact an attorney and White responded, "No."

White then agreed to take an Intoxilyzer test. The test showed an alcohol level of .25. White moved to suppress the test result on grounds that he was denied his right to counsel under *Friedman* because he was not advised that, as an indigent, he had a right to a free consultation with an attorney. The trial court denied the motion.

The parties stipulated to the facts and White waived a jury trial. *See State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980) (method for expediting appellate review of suppression rulings). The state stipulated that White is indigent. The stipulation further states, "The defendant did not contact an attorney because he is not employed and knew that he could not afford to pay for an attorney." [1]

The trial court found White guilty of gross misdemeanor DWI. White appeals.

## ISSUE

Did the trial court err in denying the motion to suppress?

## ANALYSIS

White argues that the state constitutional right to counsel, announced in *Friedman v. Commissioner of Public Safety*, 473 N.W.2d 828 (Minn.1991), is denied to an indigent driver unless the driver is informed that an attorney is available at no cost.

The supreme court in *Friedman* held that

> under the right-to-counsel clause in article I, section 6 of the Minnesota Constitution, an individual has the right, upon request, to a reasonable opportunity to obtain legal advice before deciding whether to submit to chemical testing.

*Id.* at 835. *Friedman* sets out what must be done to "vindicate" the right to counsel, and it does not explicitly require a statement that the indigent driver can obtain a free consultation.

White did not inform the officer that he was indigent. Unlike the right to counsel involved in *Miranda* warnings, the officer did not have an unlimited amount of time

to vindicate the right. *See id.* at 835 (accused has only a limited amount of time in which to contact counsel).

## DECISION

The trial court did not err in concluding that appellant's right to counsel under *Friedman* had been fully vindicated.

Affirmed.

RANDALL, Judge (concurring specially).

I concur specially. I suggest the majority came to the correct result under the limited benefits extended to a driver by *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991). I have no problem with our fairly narrow construction of *Friedman*, that because *Friedman* did not mandate a full *Miranda* warning,[1] only "a reasonable opportunity" upon request, no *Miranda* warning has to be given to comply with the law. However, I suggest that appellant made a powerful constitutional argument and that a slight expansion of the *Friedman* good faith "reasonable opportunity" could include, without burdening law enforcement, the statement to the driver that if he feels he cannot afford an attorney, the phone book may contain the phone numbers of area public defenders.

What complicates our decision, and bolsters appellant's constitutional position, is the stipulation signed by attorneys for the state and for the defendant and accepted by the trial court. The stipulation recites that appellant is unemployed and indigent, and qualifies for the appointment of a public defender. It further states:

> The defendant did not contact an attorney because he is not employed and

---

1. The stipulation fails to establish whether or not what White "knew" about the availability to him of an attorney was actually the case. Perhaps White's right to consult counsel could have been vindicated by calling the public defender, or an attorney advertising a free initial consultation. The stipulation does not establish that these options were not available.

1. The *Miranda* warning consists of the following:

The constitution requires I inform you that:
(1) You have the right to remain silent.
(2) Anything you say will be used in court as evidence against you.
(3) You are entitled to talk to a lawyer now and have him present now or at any time during questioning.
(4) If you cannot afford a lawyer, one will be appointed for you without cost.
*See State v. Crisler*, 438 N.W.2d 670, 672 n. 2 (Minn.1989).

knew that he could not afford to pay for an attorney.

In explaining the scope of the right-to-counsel clause in article I, section 6 of the Minnesota Constitution, the *Friedman* court quoted *Prideaux v. State, Dep't of Pub. Safety*, 310 Minn. 405, 247 N.W.2d 385, 394 (1976).

> Consistent with this opinion, any person who is required to decide whether he will submit to a chemical test * * * shall have the right to consult with a lawyer of his own choosing before making that decision, provided that such a consultation does not unreasonably delay the administration of the test. *The person must be informed of this right, and the police officers must assist in its vindication.* The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel.

*Id.*, 310 Minn. at 421, 247 N.W.2d at 394 (emphasis added).

The state argues here that *Friedman* does not apply because appellant did not request counsel. However, *Friedman* imposes an affirmative obligation upon police even before a request is made, and appellant points to the essence of *Miranda:*

> Denial of counsel to the indigent at the time of interrogation while allowing an attorney to those who can afford one would be no more supportable by reason or logic than the similar situation at trial and on appeal struck down in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Douglas v. People of State of California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
>
> In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this addition-

al warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one. The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent—the person most often subjected to interrogation—the knowledge that he too has a right to have counsel present.

*Miranda v. State of Arizona*, 384 U.S. 436, 472–73, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966) (footnote omitted).

Since the state conceded that appellant's knowledge of his indigency was the reason for his decision not to call an attorney, it is difficult for the state to escape the spirit of *Miranda.* No custodial *Miranda* warning omitting advice about representation for the indigent would be upheld merely because the arrestee did not affirmatively inform the police that he was indigent. Following *Miranda,* the hoard of federal and state court decisions interpreting it have uniformly held that the *Miranda* warning must be given in full to a defendant who is being questioned while in custody, and does not depend on what the defendant affirmatively volunteers. Custodial status is the bright line threshold.

What saves the conviction here is that so far *Friedman* has provided a rather limited right. Access to a telephone book and a telephone and a modest amount of privacy seems to be enough. There is no requirement that any attorney listed in the phone book, either for hire or pro bono, has to answer the phone when a driver calls, for the driver's rights to be vindicated.

I do not accept the argument of appellant's attorney that constitutionally under *Friedman,* a mechanism has to be set up whereby upon a driver's statement that he feels he is indigent, telephone conferences with some area judge to determine eligibility for a public defender, and then a telephone appointment of a public defender, and then more time for the public defender to get in touch with the driver, either in person or over the phone, all has to be in place before the driver makes his decision.

I simply suggest that when the police officer informs the driver of his limited time to contact an attorney, the officer automatically mentions that if the driver feels he cannot afford an attorney, the phone book contains the name of someone who might provide advice pro bono. If the driver calls that number and no one answers, that is no different than when someone who has the ability to hire an attorney calls someone and does not get representation, possibly because a retainer cannot be agreed upon, possibly because no one answered the phone, or any other reason. That driver's rights under *Friedman* have probably been vindicated and there is no constitutional mandate to give indigent drivers more rights than those who have the ability to hire their own counsel. But there is a powerful argument that indigents are entitled to the same rights as those with the ability to pay, and by the state stipulating that appellant did not request an attorney because he knew he was indigent and could not afford one, the issue is joined.

*Friedman* rights are still in flux. I suggest further appeals based on multiple versions of an indigent driver claiming that *Friedman* has to be expanded to insure equal access to justice for the poor could be avoided by modestly enlarging the scope of what law enforcement is required to advise drivers before testing.