STATE of Minnesota, Respondent,

v.

Arnold Dale WHITE, Appellant.

No. C3–92–841.

Supreme Court of Minnesota.

Aug. 13, 1993.

Paul G. Thompson, Bemidji, for appellant.

Jeffrey F. Lebowski, Nancy J. Bode, St. Paul, and Timothy R. Fayer, Beltrami County Atty., Bemidji, for respondent.

PAGE, Justice.

Arnold Dale White was found guilty by the Honorable James E. Preece, Beltrami County District Court, of being a habitual offender under Minnesota's law prohibiting driving under the influence of alcohol. Minn.Stat. § 169.121, subds. 1(d), 3a(a), and 3(b) (1992). His conviction was affirmed by the court of appeals. 493 N.W.2d 611 (Minn.App.1992). In this appeal he argues that his conviction should be overturned because he believes that before deciding to take a blood-alcohol test, the police should have informed him that, as an indigent, he had a right to contact an attorney at state expense. We affirm.

On June 29, 1991, appellant, an unemployed 28–year–old, was arrested after Bemidji police officer Robert Lehmann responded to a report that appellant was driving while intoxicated. After stopping appellant, Officer Lehmann noticed he smelled strongly of alcohol, had bloodshot eyes, and walked with a noticeable sway. A preliminary breath test was administered which appellant failed. Officer Lehmann then arrested appellant for driving under the influence of alcohol, and took him to the Beltrami County jail for further testing.

At the jail, appellant was read the implied consent advisory and the following conversation ensued:

OFFICER LEHMANN: Do you wish to consult with an attorney?

ARNOLD WHITE: Yah.

OFFICER LEHMANN: Here is a telephone, here is a telephone book. Feel free to start calling an attorney if you wish. Within a reasonable amount of time you will have to make your decision. To dial the phone, you dial 9 and then you may dial your attorney's phone number. Nine gets you the dial tone and then you dial the phone number. There is a phone book available if you need it and remember you can only call an attorney. You're not going to be calling a girlfriend or someone like that.

ARNOLD WHITE: Oh I thought I could—

OFFICER LEHMANN: No. This is the time to call your attorney, not girlfriends or family members. This is your time to consult with an attorney. If you need to call somebody else, you can call them later. We're gonna let you. This right now during the processing I'm allowing you to call an attorney because you said you would like to have one.

ARNOLD WHITE: Well I thought I could call my girlfriend.

OFFICER LEHMANN: No, you can call her after we're done. That's not a problem. We will let you have the phone again. No, I want to know if you want to call an attorney?

ARNOLD WHITE: Nope.

OFFICER LEHMANN: No—okay. Okay, alright. We're gonna let you make the phone calls you can call yah you can get a hold of her because we don't want people there wondering where you're at. Okay, that's not a problem. Okay, so you do not, do you wish to contact an attorney?

ARNOLD WHITE: No.

OFFICER LEHMANN: Okay, will you take the breath test?

ARNOLD WHITE: I already did.

OFFICER LEHMANN: That was preliminary breath test also known as a PBT. Only used in the field. That

was a tool that I use to determine if you are under the influence of alcohol. I'm asking you to take a breath test on the intoxilyzer 5000 machine. Will you take the breath test?

ARNOLD WHITE: (Shakes head in negative.)

OFFICER LEHMANN: No?

ARNOLD WHITE: Yah, well if you want me to.

Appellant made no further attempt to contact an attorney, and Officer Lehmann administered the breath test. Throughout this time there was no discussion by either appellant or Officer Lehmann as to whether appellant could afford an attorney. The test determined that appellant had a blood-alcohol concentration of .25.

Before trial, the parties stipulated that appellant did not contact an attorney because he was unemployed and knew that he could not afford an attorney. On the basis of this stipulation, appellant moved to suppress the results of the blood alcohol test, arguing that under Article I, § 6 of the Minnesota Constitution, his right to counsel, as articulated by this court in *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (1991), was violated by the state's failure to inform him that he would be able to consult with an attorney at state expense.

The trial court denied the motion to suppress, and convicted appellant as a habitual offender under Minn.Stat. § 169.121, subds. 1(d), 3a(a), and 3(b). The conviction was affirmed by the court of appeals. We are now asked to determine whether a person, required to take a blood alcohol test for suspicion of driving under the influence, has a right under the Minnesota Constitution to be told by law enforcement personnel that, if he or she cannot afford an attorney, the opportunity to consult with one will be provided at state expense.

■ In *Friedman*, after being arrested for failing a breath test, the defendant requested that she be allowed to talk to her attorney before taking the intoxilyzer test. The police did not allow her to contact her attorney, and interpreted her actions as meaning that she refused to take the test. As a result of not taking the test, her driver's license was revoked for one year pursuant to Minn.Stat. § 169.123, subd. 4 (1990). *Id.* at 829. We reversed the revocation of her license, holding that a person required to take a chemical test has a "limited right to counsel within a reasonable time before submitting to testing." *Id.* at 837. The court, quoting *Prideaux v. State, Dept. of Pub. Safety*, 310 Minn. 405, 421, 247 N.W.2d 385, 394 (1976) noted that:

> [A]ny person who is required to decide whether he will submit to a chemical test * * * shall have the right to consult with a lawyer of his own choosing before making that decision, provided that such a consultation does not unreasonably delay the administration of the test. The person must be informed of this right, and the police officers must assist in its vindication. *The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel. If counsel cannot be contacted within a reasonable time, the person may be required to make a decision regarding testing in the absence of counsel.*

*Id.* at 835 (emphasis added). Thus, under Article I, § 6 of our constitution, a person under suspicion for driving under the influence of alcohol has the right, on request, to a reasonable opportunity to obtain legal advice before deciding whether to submit to chemical testing. *Id.* According to appellant, this right includes the right to have the state pay for the attorney if the driver is indigent. The appellant contends that if an attorney is not provided at state expense, the indigent DWI detainee will in effect lose the right to consult with an attorney.

■ As we stated in *Friedman*, an individual's right to counsel will be vindicated if that person is given a reasonable opportunity to obtain legal advice. *Id.* at 835. Due to the evanescent nature of the evidence sought, the right to an attorney is a limited right, with no guarantee of actual consultation.

In reality, indigent DWI detainees have the same basic opportunity to consult with an attorney as do nonindigent DWI detainees. Before members of either group can consult with an attorney, they must choose an attorney to contact, make the phone call, and have that call answered by the attorney. Individuals in both groups run the same risk of not having their phone calls answered. If their calls are answered, nonindigent DWI detainees will have to make a fee arrangement with their attorneys. If an agreement is reached, the consultation will take place. Nonindigent DWI detainees who fail to reach an agreement will either have to attempt to call another attorney or, if a reasonable time has passed, make the decision as to whether to take the test without the benefit of consulting with an attorney. If indigent DWI detainees' phone calls are answered, they can ask whether the attorney will provide the initial consultation free.[1] If the answer is yes, the consultation will take place. If the answer is no, like nonindigent detainees who cannot reach an agreement on fees, indigent detainees can either attempt to contact another attorney, if a reasonable amount of time has not passed, or make the decision without the benefit of consulting an attorney. Because both indigent and nonindigent DWI detainees have essentially the same opportunity to consult with an attorney prior to deciding whether to take the test, appellant's constitutional claim fails. For this reason, we deny appellant's claim that he had the right to an attorney at state expense.

We also note that, beyond the fact that indigent DWI detainees have the same rights as nonindigent detainees, a system of court-appointed attorneys for indigent DWI detainees would be unworkable. Any such system, by its very nature, would have to include locating a judge, getting the necessary eligibility information to the judge, having the judge review the information to determine eligibility, and then communicating that determination to the law enforcement officer. From a practical standpoint, the amount of time the eligibility determination will inevitably require will delay testing. This delay is likely to be as long or longer than the "reasonable time to contact and talk with counsel" envisioned in *Friedman. Id.* Once the eligibility decision is made, the detainee would then need additional time to contact and consult with counsel. An unreasonable delay in testing could not be avoided. Therefore, we hold that indigent DWI detainees are not entitled to have an attorney provided by the court before deciding whether to submit to a blood alcohol test.

Affirmed.

1. Some attorneys advertise in the yellow pages of the telephone book that they provide the first consultation free.