*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-0290

Hugh Herman Hansen, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed December 5, 2016**
**Reversed**
**Kirk, Judge**

Faribault County District Court
File No. 22-CV-15-593

Thomas K. Hagen, Rosengren Kohlmeyer & Hagen Law Office, Chtd., Mankato, Minnesota (for appellant)

Lori Swanson, Attorney General, Lindsay LaVoie, Peter Magnuson, Assistant Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges the revocation of his driver's license, arguing that (1) his due-process rights were violated when he was advised by law enforcement that he could be criminally prosecuted if he refused to submit to a chemical test; (2) he did not freely and

voluntarily consent to a warrantless blood test; and (3) his Fourth Amendment rights were violated by the warrantless blood test. We reverse.

## D E C I S I O N

The state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; *see also* Minn. Const. art. I, § 7. An allegation of a due-process violation presents a question of constitutional law, which we review de novo. *State v. Beecroft*, 813 N.W.2d 814, 836 (Minn. 2012).

At approximately 12:26 a.m. on July 25, 2015, Blue Earth Police Officer Chase Davis initiated a traffic stop of a Honda Civic after the vehicle's driver failed to yield to another vehicle in a roundabout. Officer Davis identified the driver as appellant Hugh Herman Hansen. Hansen displayed several indicia of intoxication, and Officer Davis arrested him for driving while impaired (DWI) and transported him to the Faribault County Jail.

At the jail, Officer Davis read Hansen the Minnesota Motor Vehicle Implied Consent Advisory, which states in part that refusal to submit to chemical testing is a crime. Hansen stated that he understood the advisory and that he chose not to consult with an attorney. Officer Davis asked Hansen if he would submit to a blood test because there was no one at the jail who was qualified to administer a breath test. Hansen agreed, and he was transported to a hospital. A blood test revealed a blood-alcohol concentration of 0.20.

Respondent Minnesota Commissioner of Public Safety revoked Hansen's driver's license. Hansen petitioned to rescind the revocation of his driver's license. Following an evidentiary hearing, the district court sustained the revocation.

2

On appeal, Hansen argues that his license revocation must be reversed because his due-process rights were violated by the misleading implied-consent advisory. He asserts that he agreed to submit to a blood test only after he was threatened with criminal charges that the state could not bring. The district court concluded that the implied-consent advisory was not misleading because the advisory was accurate at the time Officer Davis read it to Hansen.

In *McDonnell v. Commissioner of Public Safety*, the Minnesota Supreme Court held that a suspected drunk driver's due-process rights were violated when the implied-consent advisory informed her that she might be prosecuted for refusing to submit to testing despite the fact that her driver's license had not been previously revoked. 473 N.W.2d 848, 853 (Minn. 1991). At the time, a previous revocation of a driver's license was a prerequisite for a charge of refusing to submit to chemical testing. *Id.* (citing Minn. Stat. § 169.123, subd. 2(b)(2) (1990)). The supreme court reasoned that the driver's due-process rights were violated because the police officer threatened criminal charges that the state was not authorized to impose. *Id.* at 855.

Applying *McDonnell,* we noted that "[t]he focus of the supreme court's concern was the inaccuracy of the advisory," which "gives misleading and inaccurate information to every first-time offender," regardless of whether the driver refuses or submits to testing. *Steinolfson v. Comm'r of Pub. Safety*, 478 N.W.2d 808, 809 (Minn. App. 1992). "We decline to hold that the Commissioner may benefit from an advisory which our supreme court has determined misinformed the driver, and threatened criminal charges that were not actually authorized." *Id.* While Hansen's appeal was pending, this court held that a

3

driver's due-process rights were violated because the implied-consent advisory threatened the driver with a criminal charge if he refused to consent to an unconstitutional urine test. *Johnson v. Comm'r of Pub. Safety*, ___ N.W.2d ___, ___, 2016 WL 6570284 at *11 (Minn. App. Nov. 7, 2016). In sum, a driver's due-process rights can be violated by a misleading advisory irrespective of whether the driver takes the test or refuses.

In *State v. Trahan*, the supreme court held that the state cannot criminally punish a driver for refusing to submit to a warrantless blood test under the exigent-circumstances exception. ___ N.W.2d ___, ___, 2016 WL 5930153 at *3 (Minn. Oct. 12, 2016). Here, the advisory given to Hansen was misleading because it misinformed him about the consequences of refusing to take a blood test. The fact that Hansen consented to a blood test does not change the due-process analysis. Because the advisory was misleading, Hansen's right to due process was violated and the appropriate remedy is rescission of the revocation of his driver's license. *McDonnell*, 473 N.W.2d at 853-55; *Johnson*, ___ N.W.2d at ___, 2016 WL 6570284 at *13.

Because Hansen was denied his right to due process and is entitled to reinstatement of his driving privileges, we need not address his Fourth Amendment claims.

**Reversed.**