STATE of Minnesota, Appellant,

v.

**Ronald Joseph LEMMER, Respondent.**

No. A05–2481.

Court of Appeals of Minnesota.

June 20, 2006.

Mike Hatch, Attorney General, St. Paul, MN; and Patrick J. Ciliberto, Scott County Attorney, Michael J. Groh, Assistant County Attorney, Shakopee, MN, for appellant.

Jeffrey S. Sheridan, Strandemo, Sheridan & Dulas, P.A., Eagan, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appellant State of Minnesota challenges the dismissal of a DWI complaint, contending that (1) the district court erred by adopting a prior district-court order declaring Minn.Stat. § 169A.53, subd. 3(g) (2004), unconstitutional, thereby estopping the state from litigating dispositive stop-and-seizure issues on which respondent Ronald Joseph Lemmer prevailed at his implied-consent hearing; and (2) declaring section 169A.53, subd. 3(g), unconstitutional is violative of the separation-of-powers doctrine. Lemmer moved this court to strike much of the state's brief as a collateral attack on an injunction. The state's arguments are not improper; thus, we deny Lemmer's motion. Because collateral estoppel is substantive law, not a rule of procedure, and because the principle of comity supports respect for the statute, we reverse and remand.

## FACTS

On June 4, 2005, while pursuing a DWI suspect who had left the scene of a traffic accident near Prior Lake, sheriff's deputies learned that he had boarded a boat being operated, as later discovered, by Lemmer. After dropping the DWI suspect off on shore, Lemmer went on his way in the boat. The DWI suspect was arrested. In furtherance of their investigation, deputies launched their own boat to pursue, stop, identify, and interview Lemmer. While speaking with Lemmer, the deputies noted typical indicia of intoxication, arrested him, and took him to the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

county jail. There, Lemmer submitted to an Intoxilyzer 500 test that indicated an alcohol concentration of .12. A review of Lemmer's driving record revealed a prior impaired-driving incident in 2000. The Commissioner of Public Safety revoked Lemmer's driver's license, and the state subsequently charged him with two alternative counts of third-degree DWI.

Contending that the stop of his boat was illegal, Lemmer challenged the revocation of his driver's license. An implied-consent hearing was scheduled for August 1, 2005. The state was given notice but, relying on Minn.Stat. § 169A.53, subd. 3(g) (2004), did not attend. Following the implied-consent hearing, the district court rescinded the commissioner's order revoking Lemmer's driver's license, stating that the deputies "had no 'particularized and objective basis' for pursuing and stopping [Lemmer] in his boat."

Lemmer next moved for dismissal of the criminal charges. He initially sought relief on the ground that Minn.Stat. § 169A.53, subd. 3(g) (2004), is unconstitutional. During an omnibus hearing on November 17, the district court was made aware of a November 8, 2005 Goodhue County district court order declaring section 169A.53, subd. 3(g), unconstitutional. Relying on that order, Lemmer contended that the state was estopped from re-litigating the issue of the legality of the stop because the state had notice of his implied-consent hearing and did not appear. And because the state could not re-litigate that issue, Lemmer argued that the district court must suppress all evidence obtained following the stop, which, in this case, required dismissal of the complaint.

On December 2, 2005, the district court ordered dismissal of the charges "[p]ursuant to the reasoning set forth in [the Goodhue County district court order]," and, without independent analysis, the district court simply "adopt[ed] and incorpo-

rate[d]" the Goodhue County district court's reasoning into its order. The state appeals.

## ISSUE

Did the district court clearly err by finding and declaring Minn.Stat. § 169A.53, subd. 3(g) (2004), unconstitutional?

## ANALYSIS

■ If the state appeals from a pretrial suppression order, it "must 'clearly' and unequivocally show both that the trial court's order will have a 'critical impact' on the state's ability to prosecute the defendant successfully and that the order constituted error." *State v. Scott*, 584 N.W.2d 412, 416 (Minn.1998) (citing *State v. Zanter*, 535 N.W.2d 624, 630 (Minn.1995)). "[T]he critical impact of the suppression must be first determined before deciding whether the suppression order was made in error." *Id.*

Here, the district court, adopting the Goodhue County district court's finding and declaration that Minn.Stat. § 169A.53, subd. 3(g) (2004), is unconstitutional, dismissed the charges. At his implied-consent hearing, Lemmer successfully litigated the legality of the stop that resulted in detection of his intoxication and his subsequent arrest. The Goodhue County district court had effectively ruled, by finding and declaring the statute unconstitutional, that when the state does not contest an issue at an implied-consent hearing of which it had notice, it cannot re-litigate the issue during the criminal prosecution. The Goodhue County district court also purportedly enjoined the state and its various subdivisions from attempting to enforce Minn.Stat. § 169A.53, subd. 3(g). Thus, the district court here suppressed the evidence that derived from the stop and dismissed the complaint. The critical

impact of the suppression in this case is obvious.

Lemmer moved to strike the major portion of the state's brief, alleging that the state's argument constituted an improper collateral attack on an injunction. But the district court in this case adopted the Goodhue County district court's reasoning and incorporated its memorandum into the order dismissing the charges against Lemmer. Therefore, it is not the Goodhue County injunction that is the subject of attack; rather, the state challenges the district court's order that is here supported solely by adoption and incorporation of the purported injunction. Because the injunction is included in the record by reference, it is properly before us, and we will consider the state's arguments as presented.

▆▆▆▆ We presume that Minnesota statutes are constitutional, and "our powers to declare a [statute] unconstitutional should be exercised with extreme caution and only when absolutely necessary." *Associated Builders & Contractors v. Ventura,* 610 N.W.2d 293, 308 (Minn.2000) (quotation omitted). "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999). Accordingly, our review is de novo and we are "not bound by the [district] court's decision." *Id.* Further, "[t]he party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Minnesota Constitution." *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989); *see also Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979) (holding that person challenging constitutionality of a statute must "demonstrate[ ] beyond a reasonable doubt that the statute violates some constitutional provision").

The district court ruled that Minn.Stat. § 169A.53, subd. 3(g), was unconstitutional because it violated the separation-of-pow-

ers doctrine. Supporting this ruling, the district court "adopt[ed] and incorporat[ed]" a Goodhue County district court's memorandum outlining its rationale for a similar ruling. The Goodhue County district court stated that the legislature could not enact a statute to counter a judicial decision on a procedural matter.

This court, in *State v. Victorsen,* held that an issue litigated during an implied-consent hearing could not be re-litigated during a criminal prosecution for driving while intoxicated, so long as the prosecuting attorney had notice of the implied-consent hearing and an opportunity to be heard. 627 N.W.2d 655, 660–64 (Minn. App.2001). During the next regular legislative session following *Victorsen,* the legislature enacted Minn.Stat. § 169A.53, subd. 3(g), which states: "The civil hearing under this section shall not give rise to an estoppel on any issues arising from the same set of circumstances in any criminal prosecution." That section became effective August 1, 2002. *See* 2002 Laws of Minn. ch. 314, § 1. It is apparent that the legislature acted purposefully to abrogate the holding in *Victorsen.*

This court had occasion to comment on the statute's enactment only once previously. *State v. Hassemer,* No. C5–02–1623, 2003 WL 1488737, at *3 n. 1 (Minn. App. Mar. 25, 2003). The offense in *Hassemer* occurred after *Victorsen* was decided but before the effective date of Minn. Stat. § 169A.53, subd. 3(g). *Id.* at *1. This court observed that "*Victorsen* may apply in only a small number of cases because the legislature amended the statute in 2002," thus implicitly accepting that *Victorsen* had been abrogated by the statute. *Id.* at *3 n. 1.

On the premise that the doctrine of collateral estoppel is a rule of procedure and not substantive law, the district court, adopting the reasoning of the Goodhue

County district court, determined that the legislature's attempt to overrule *Victorsen* was an unconstitutional violation of the separation-of-powers doctrine.

### 1. *Substantive versus procedural*

 The distinction between whether a law is substantive or procedural is important because

> [t]he legislature has the power to declare what acts are criminal and to establish the punishment for those acts as part of the substantive law. In contrast, the court regulates the method by which the guilt or innocence of one who is accused of violating a criminal statute is determined.

*State v. Lindsey*, 632 N.W.2d 652, 658 (Minn.2001) (citations omitted). The supreme court has noted that "[a] statute is procedural when it neither creates a new cause of action nor deprives defendant of any defense on the merits." *State v. Johnson*, 514 N.W.2d 551, 555 (Minn.1994) (quotation omitted). "[U]nder the separation of powers doctrine the legislature has no constitutional authority in their enabling acts or otherwise to reserve a right to modify or enact statutes that will govern over court rules [of procedure] already in place." *Id.* at 553–54 (alteration in original) (quotation omitted).

 Federal courts have long grappled with the issue of whether a concept is procedural or substantive, notably in the area of diversity jurisdiction. *See* the progeny of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including *Guar. Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) and *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The United States Supreme Court articulated the outcome-determinative test for deciding whether a law is procedural or substantive: "[D]oes it significantly affect the result of a litigation for a federal court

to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" *Guar. Trust Co. of New York*, 326 U.S. at 109, 65 S.Ct. at 1470. Simply put, if the law is outcome determinative—if it will influence the outcome of the case—then it is substantive and not merely procedural. *Hanna*, 380 U.S. at 465–69, 85 S.Ct. at 1141–42.

Subsequently, the federal courts, including the Eighth Circuit, have arrived at near unanimity over whether the doctrine of collateral estoppel is procedural or substantive, concluding that it is substantive. *See Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir.1994) (stating that "cases from [this circuit] have consistently concluded that collateral estoppel in a diversity action is a question of substantive law") (quotation omitted); *Held v. Mitsubishi Aircraft Int'l, Inc.*, 672 F.Supp. 369, 386 (D.Minn.1987) (stating that "[i]n federal diversity actions collateral estoppel is generally an issue of the forum state's substantive law"). Based on this federal caselaw, we likewise conclude that the doctrine of collateral estoppel is substantive law, not a rule of procedure.

 Furthermore, because the line between substantive and procedural can, at times, be blurry, "when a specific measure can reasonably be viewed as either substantive or procedural, it should be resolved in favor of its substantive character." Maynard E. Pirsig & Randall M. Tietjen, *Court Procedure and the Separation of Powers in Minnesota*, 15 Wm. Mitchell L.Rev. 141, 187 (1989). "Due respect for the coequal branches of government requires the court to exercise great restraint before striking down a statute as unconstitutional, particularly when it involves a determination of what is a legislative and what is a judicial function." *State v. Willis*, 332 N.W.2d 180, 184 (Minn.1983). Thus, a statute is constitutional when it,

"in no way[,] interferes with the judiciary's function of ascertaining facts and applying the law to the facts established." *Id.*

■■■ The statute here is substantive because the decision whether to apply collateral estoppel is not merely "regulat[ing] the method by which the guilt or innocence" of a defendant is decided. *Lindsey,* 632 N.W.2d at 658. Under the federal caselaw analysis, application of collateral estoppel in this case is clearly outcome determinative because it resulted in dismissal of the charges. Thus, we are satisfied that the legislature is entitled to enact a statute regulating the application of collateral estoppel without violating the separation-of-powers doctrine, and we conclude that the district court clearly erred by finding and declaring Minn.Stat. § 169A.53, subd. 3(g), unconstitutional.

■■■ Moreover, even when collateral estoppel is available, the decision whether to apply the doctrine is discretionary with the district court. *Pope County Bd. of Comm'rs v. Pryzmus,* 682 N.W.2d 666, 669 (Minn.App.2004), *review denied* (Minn. Sept. 29, 2004) (quotation omitted); *see AFSCME Council 96 v. Arrowhead Reg'l Corrs. Bd.,* 356 N.W.2d 295, 299 (Minn. 1984) (stating that collateral estoppel is not rigidly applied and "is qualified or rejected when [its] application would contravene an overriding public policy") (quoting *Tipler v. E.I. duPont deNemours & Co.,* 443 F.2d 125, 128 (6th Cir.1971)); *see also Falgren v. State Bd. of Teaching,* 545 N.W.2d 901, 905 (Minn.1996) (noting that "collateral estoppel is not rigidly applied" and stating that "[a]s a flexible doctrine, the focus is on whether its application would work an injustice on the party against whom estoppel is urged") (quoting *Johnson v. Consol. Freightways, Inc.,* 420 N.W.2d 608, 613 (Minn.1988)).

Neither the district court, nor the Goodhue County district court in the prior case, gave any indication of awareness that, even if the prerequisites for collateral estoppel were satisfied, it had discretion to not apply the doctrine. Particularly under the circumstances of this case—when the implied-consent hearing pre-dated the Goodhue County district court order; no constitutional challenge to section 169A.53, subd. 3(g), had otherwise been decided; the question of collateral estoppel as substantive or procedural had not been settled in Minnesota law; and, the state relied on section 169A.53, subd. 3(g), in declining to appear and participate at the implied-consent hearing—we think that the application of the doctrine of collateral estoppel worked an injustice on the state. The district court erroneously failed to consider these circumstances before rigidly applying collateral estoppel.

### 2. Comity

■■■ Alternatively, we consider whether Minn.Stat. § 169A.53, subd. 3(g), should stand as a matter of comity. "Comity is not a rule of law but a principle [that] has been described as a 'blend of courtesy and expediency.'" *Minnesota Mut. Life Ins. v. Anderson,* 410 N.W.2d 80, 82 (Minn.App.1987) (quoting *Medtronic, Inc. v. Catalyst Research Corp.,* 518 F.Supp. 946, 955 (D.Minn.1981), *aff'd* 664 F.2d 660 (8th Cir.1981)). When the court allows a statute to stand under comity, it "respects and acknowledges the actions of the legislative branch[,] ... illustrat[ing] the inevitable fact that the legislature will continue to enact statutes which to some extent deal with court procedure." Pirsig & Tietjen, *supra* at 185.

■■■ The supreme court has allowed certain statutes to stand under this principle, despite the fact that the statute may conflict with a particular court rule. *Id.* at 182 (stating that the supreme court has permitted statutes regulating attorneys to stand, so long as they did not contravene the court's control over the legal profes-

sion). By allowing a statute to stand under the principle of comity, the court is not saying that its enactment was born of proper legislative authority, but merely that the court, out of respect, will permit it. *See State v. Breaux,* 620 N.W.2d 326, 332 (Minn.App.2001) (stating that a statute was constitutional and properly used despite the fact that it clearly conflicted with a then-existing rule of procedure); *see also State v. Wolf,* 605 N.W.2d 381, 387 (Minn. 2000) (same).

We believe that the district court should have accorded comity and allowed section 169A.53, subd. 3(g) to stand, despite its contradiction to *Victorsen.* Because it was unsettled in Minnesota law whether the doctrine of collateral estoppel is substantive or procedural, and inasmuch as the holding in *Victorsen* was not a rule of procedure promulgated by the supreme court, the district court should have deferred to the act of the legislature. The district court should have also taken guidance from this court's note reflecting the view that the legislature had effectively abrogated *Victorsen. See Hassemer,* No. C5–02–1623, 2003 WL 1488737, at *3 n. 1. Therefore, under a reasonable application of the principle of comity, we conclude that the district court clearly erred by finding and declaring Minn.Stat. § 169A.53, subd. 3(g), unconstitutional.

## DECISION

The district court clearly erred by finding and declaring Minn.Stat. § 169A.53, subd. 3(g) (2004), unconstitutional because (1) the doctrine of collateral estoppel is substantive law, and (2) as a matter of comity, the statute should have been allowed to stand.

**Reversed and remanded.**