# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0951

Weidner Apartment Homes,
Appellant,

vs.

B. F.,
Respondent.

**Filed February 2, 2026**
**Reversed**
**Harris, Judge**

Hennepin County District Court
File No. 27-CV-HC-22-1138

Christopher T. Kalla, Douglass E. Turner, Hanbery & Turner, P.A., Minneapolis, Minnesota (for appellant)

Lauren Durand, Hennepin County Adult Representation Services, Minneapolis, Minnesota (for respondent B.F.)

Keith Ellison, Attorney General, Madeleine DeMeules, Assistant Attorney General, St. Paul, Minnesota (for intervenor attorney general)

Considered and decided by Smith, Tracy M., Presiding Judge; Harris, Judge; and Kirk, Judge.[*]

## SYLLABUS

Minnesota Statutes section 484.014, subdivision 3(a)(5) (2024), is facially

unconstitutional because it violates the separation-of-powers doctrine by mandating that

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the district court expunge an eviction case three years after the eviction was ordered without a motion by any party.

**OPINION**

**HARRIS**, Judge

In this appeal from the district court's orders granting an eviction expungement under Minnesota Statutes section 484.014, subdivision 3(a)(5), and vacating a money judgment to "effectuate the expungement," appellant argues that the orders should be reversed because the entirety of the mandatory portion of the eviction expungement statute, Minnesota Statutes section 484.014, subdivision 3(a) (2024), is unconstitutional both on its face and as applied. Intervenor asserts that appellant lacks standing to challenge the constitutionality of the statute and that the statute is otherwise constitutional. We conclude that appellant has standing and that the provision of the mandatory eviction statute on which the district court relied to grant the expungement, section 3(a)(5), is facially unconstitutional. We therefore reverse the decisions of the district court.

**FACTS**

Because this district court record has been expunged, we limit our factual summary to those facts included in the parties' public filings. We have independently reviewed the publicly inaccessible records to ensure that the facts are accurately represented.

In March 2022, appellant-landlord Weidner Apartment Homes filed an eviction complaint against respondent-tenant B.F., alleging breach of lease. Approximately one week later, the district court administrator entered judgment in favor of Weidner for recovery of the premises and for allowable costs and disbursements.

2

After B.F. vacated and Weidner recovered possession of the premises, Weidner filed the application necessary to obtain allowable costs and disbursements. In May 2022, the district court entered a money judgment for $757 against B.F. and in favor of Weidner.

On April 10, 2025, more than three years after the eviction judgment was entered, B.F. filed a request for mandatory eviction expungement under Minnesota Statutes section 484.014, subdivision 3(a)(5). Section 484.014, subdivision 3(a)(5), became effective January 1, 2024, and states that the district court "shall, without motion by any party, order expungement of an eviction case . . . three years after the eviction was ordered." *See* 2023 Minn. Laws ch. 52, art. 19, §§ 118, at 1188; 120, at 1188 (codified at Minn. Stat. § 484.014, subd. 3(a)(5) (Supp. 2023)). Nothing in the record indicates that Weidner was notified of the expungement motion or was given an opportunity to respond.

The next day, April 11, the district court administratively reviewed B.F.'s motion and ordered the expungement because over three years had passed since the eviction was ordered, consistent with section 484.014, subdivision 3(a)(5). The district court also determined that it would "vacate the Money Judgment entered on May 2, 2022, . . . to effectuate the expungement," but did not include an order to vacate the money judgment.

On April 28, 2025, the district court filed an order vacating the money judgment. On April 29, 2025, the district court filed an amended order correcting a clerical error in the April 28, 2025 order. The district court did not explain its reasoning for vacating the money judgment or the authority it relied on to do so. It stated only that, "Based on

3

Tenant's request for mandatory expungement, the Court will vacate the May 2 Money Judgment to effectuate the Expungement." Weidner appeals.[1]

## ISSUES

I. Does Weidner have standing to challenge the constitutionality of Minnesota Statutes section 484.014, subdivision 3(a)(5)?

II. Is Minnesota Statutes section 484.014, subdivision 3(a)(5), facially unconstitutional because it violates the separation-of-powers doctrine by infringing on the judiciary's authority to decide cases and to manage its own records?

## ANALYSIS

**I.    Weidner has established standing to challenge the constitutionality of Minnesota Statutes section 484.014, subdivision 3(a)(5).**

As a threshold issue, the attorney general contends that Weidner does not have standing to challenge the constitutionality of the mandatory portion of the eviction expungement statute. "Standing is a threshold consideration in determining whether a litigant is entitled to have the courts determine the merits of a dispute." *Hanson v. Woolston*, 701 N.W.2d 257, 261 (Minn. App. 2005). "Standing raises a question of law subject to de novo review." *Id.* at 262; *see also Thompson v. St. Anthony Leased Hous. Assocs. II, LP*, 979 N.W.2d 1, 6 (Minn. 2022) (stating that standing is a jurisdictional issue that appellate courts review de novo).

---

[1] Weidner appealed all three April orders. The attorney general moved to intervene "for the limited purpose of defending a state law from a constitutional challenge." The attorney general also moved to stay the appeal pending the supreme court's decision on the petition for further review in *Sela Investments, Ltd. v. J.H.*, 22 N.W.3d 181 (Minn. App. 2025). We granted the attorney general's motion to intervene but denied the motion to stay. B.F. is not participating on appeal.

"To have standing, a party must have a sufficient stake in the controversy to seek relief from the court so that the issues before the court will be vigorously and adequately presented." *Webb Golden Valley, LLC v. State*, 865 N.W.2d 689, 693 (Minn. 2015) (quotation omitted). In Minnesota, a party has a sufficient stake in the controversy, and thus has standing, "if it has suffered an injury-in-fact." *Minnesota Sands, LLC v. County of Winona*, 940 N.W.2d 183, 192 (Minn. 2020). A party has an injury-in-fact if it demonstrates "that it suffered a concrete and particularized invasion of a legally protected interest." *Id.* (quotation omitted). Alleging a "merely possible or hypothetical injury" is not enough to demonstrate an injury-in-fact. *Id.* (quotation omitted). Instead, the party "must articulate a legally cognizable interest that it has suffered because of the . . . action and that differs from injury to the interests of other citizens generally." *Webb Golden Valley*, 865 N.W.2d at 693 (quotation omitted).

We limit our consideration of standing to Weidner's ability to challenge the constitutionality of the statutory provision upon which the district court relied—section 484.014, subdivision 3(a)(5). *See State v. Hoyt*, 304 N.W.2d 884, 888 (Minn. 1981) (stating "[appellate courts] do not decide constitutional questions except when necessary to do so in order to dispose of the case at bar.") Weidner argues that it has standing to challenge the constitutionality of the entirety of subdivision 3(a).[2] But we agree with the attorney general that Weidner "has no reason or entitlement to challenge the provisions of

---

[2] Weidner argued at oral argument that the "infirmity of subdivision 3(a)(5) governs the entire statute" and, therefore, this court should address the constitutionality of the entire section, not merely subdivision 3(a)(5).

5

the Eviction Statute that were never applied below." Here, no constitutional issues regarding the other provisions of subdivision 3(a) are before this court because the district court granted expungement solely based on B.F.'s request under subdivision 3(a)(5). Accordingly, any allegation of harm under the other provisions is a "hypothetical injury," that might exist if these provisions were to be applied to B.F. or any of Weidner's prospective tenants. *Minnesota Sands*, 940 N.W.2d at 192; *see also Sela Investements*, 22 N.W.3d at 184 n.3 (noting landlord made a facial challenge to the expungement statute as a whole, but limiting analysis to subdivision 3(a)(6), the specific provision under which tenant requested relief).

With that understanding, we turn to whether Weidner has standing to challenge section 484.014, subdivision 3(a)(5). The attorney general argues that "Weidner's interest in the application of this statute is no different from the interests the general public might hold," as Weidner does not identify "any invasion of its own legally protected interests, or any 'personal right' that was 'injuriously affected' by the district court's application of the Expungement Statute." The attorney general adds that Weidner's challenges are an "improper attempt to raise constitutional claims on behalf of absent third parties." But Weidner maintains that it has standing because, among other reasons, "the monetary judgment was vacated—not just expunged or sealed."[3]

---

[3] Weidner also contends that it has standing because it "seeks to have the statute deemed unconstitutional so that [Weidner] has access to the eviction records of other tenants who have been evicted," which would be "useful in making its rental decisions"; the expungement cancelled the reconveyance of the remainder of B.F.'s interest in the lease back to Weidner; and the public eviction complaint would support any future claim against

As a consequence of the expungement, the monetary judgment was vacated, even though the judgment would otherwise not expire for seven more years. [4] *See* Minn. Stat. § 550.01 (2024). This loss of a property interest provides Weidner a "sufficient stake in the controversy." *Webb Golden Valley*, 865 N.W.2d at 693. It is also a concrete injury, particularized to Weidner, that is traceable to the district court's determination that vacating the money judgment was necessary to effectuate the expungement under subdivision 3(a)(5). And this injury will likely be redressed if this court grants relief, as the district court explained that the judgment was vacated to "effectuate the expungement." We conclude that Weidner has standing to challenge the constitutionality of Minnesota Statutes section 484.014, subdivision 3(a)(5), and we therefore turn to the merits of Weidner's argument.

## II. Minnesota Statutes section 484.014, subdivision 3(a)(5), is facially unconstitutional under this court's precedent because it violates the separation-of-powers doctrine.

Weidner argues that the entirety of Minnesota Statutes section 484.014, subdivision 3(a), is unconstitutional. Specifically, Weidner asserts that the statute (1) violates the separation of powers and infringes on the district court's inherent authority to hear and decide cases, (2) violates the First Amendment, (3) violates the common law, (4) violates due process, and (5) is unconstitutional as applied because the

---

B.F. for damages. Because we conclude that Weidner has standing based on the district court's order vacating the money judgment, we do not reach these remaining arguments.

[4] Minnesota Statute section 550.01 states that a judgment is enforceable for ten years, and Weidner's judgment was docketed approximately three years before it was vacated.

district court's order vacating the money judgment to effectuate the expungement violated due process and constituted a taking. As explained above, we limit our analysis to subdivision 3(a)(5), as the district court granted relief only under this provision.

Weidner's separation-of-powers argument is controlled by this court's recent decision in *Sela Investments*. There, the landlord, Sela Investments, appealed the district court's expungement of an eviction case under Minnesota Statutes section 484.014, subdivision 3(a)(6) (Supp. 2023), which requires expunging an eviction case "upon motion of a defendant, if the case is settled and the defendant fulfills the terms of the settlement."[5] *Sela Investments*, 22 N.W.3d at 184. This court held that section 484.014, subdivision 3(a)(6), violates the separation-of-powers doctrine and is facially unconstitutional, as the statute "mandates a district court to order expungement . . . solely based on when a defendant files a motion and leaves no room for the district court to exercise its discretion to decide whether expungement is appropriate, and therefore infringes on the court's inherent authority to manage its own records." *Id.* at 188.

The attorney general argues that the expungement statute creates a substantive remedy for tenants and therefore represents a constitutional exercise of legislative authority, rather than an impermissible infringement on judicial power, and does not violate the separation of powers. Specifically, the attorney general asserts that Weidner cannot rely on *Sela Investments* because *Sela Investments* "erroneously relied on caselaw

---

[5] The subdivision analyzed in *Sela Investments* is subdivision 3(a)(7) in the 2024 version of the statute. *See Sela Investments*, 22 N.W.3d at 183 n.1; *see also* 2024 Minn. Laws ch. 118, § 1, at 1941-42.

emphasizing the discretionary nature of a court's decision to grant expungement." According to the attorney general, the caselaw relied upon by this court in *Sela Investments*, "pertains exclusively to the standard for inherent-authority expungement and has nothing to do with statutorily authorized expungements." This argument is unpersuasive because *Sela Investments* expressly considered this distinction and concluded that subdivision 3(a)(6) is different in that, after considering the statutory factors, the court lacks discretion to deny expungement. *Id.* at 184.

We are bound by this court's precedential decisions. *State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010), *rev. denied* (Minn. Sept. 21, 2010). As a precedential opinion of the court of appeals, *Sela Investments* is binding authority for this court and the district court, even though it is pending further review by the supreme court. *State v. Chauvin*, 955 N.W.2d 684, 694-95 (Minn. App. 2021), *rev. denied* (Minn. Mar. 10, 2021). And although *Sela Investments* involved a different provision of section 484.014, subdivision 3(a), we discern no meaningful distinction between the two provisions with respect to the separation-of-powers issues. Like the provision in *Sela Investments*, subdivision 3(a)(5) "leaves no room for the district court to exercise its discretion to decide whether expungement is appropriate." *Sela Investments*, 22 N.W.3d at 188. Instead, it mandates expungement of an eviction case solely upon the passage of three years from the eviction order. In doing so, the provision invades the judiciary's inherent authority to manage its own records. The attorney general recognizes as much, conceding at oral argument that, if

9

we determine that *Sela Investments* is controlling, notwithstanding some differences between the cases, the reasoning in *Sela Investments* is relevant and controls the outcome.[6]

We conclude that *Sela Investments* is controlling. Rather than being distinguishable, subdivision 3(a)(5) is equally, if not more, violative of the separation of powers than the provision in *Sela Investments*. The provision in *Sela Investments* requires a defendant's motion and compliance with a negotiated settlement agreement. Subdivision 3(a)(5), by contrast, is functionally automatic, triggered solely by the passage of time without a motion by any party. We therefore conclude that, under *Sela Investments*, subdivision 3(a)(5) is an unconstitutional violation of the separation of powers because it impairs the district court's ability to hear and decide cases and the judiciary's ability to manage its own records.[7]

## DECISION

We conclude that Weidner suffered an injury-in-fact and has standing to challenge the constitutionality of Minnesota Statutes section 484.014, subdivision 3(a)(5). And bound by this court's recent precedential decision in *Sela Investments*, we hold that section

---

[6] At oral argument, the attorney general asserted that *Sela Investments* is distinguishable because it involves a different provision and because standing was not raised at the court of appeals. For the reasons explained in this opinion, these arguments are unavailing. The attorney general also contends that we "may accept the Expungement Statute as a matter of comity." Although this court has applied the principle of comity in limited circumstances, for instance, *State v. Lemmer*, 716 N.W.2d 657, 663 (Minn. App. 2006), *aff'd on other grounds* (Minn. 2007), this argument is more appropriate for the supreme court.

[7] Given this conclusion, we decline to reach Weidner's remaining arguments. *See Sela Investments*, 22 N.W.3d at 183 at n.3.

10

484.014, subdivision 3(a)(5), is facially unconstitutional because it impairs the district court's ability to hear and decide cases and infringes on the judiciary's inherent power to manage its own records in violation of the separation-of-powers doctrine. Because the district court ordered the expungement solely under subdivision 3(a)(5), we reverse the April 11, 28, and 29, 2025 orders and reinstate the money judgment.[8]

**Reversed.**

---

[8] We express no opinion on whether the district court may order expungement in these circumstances under other authority.